## BAUCH v. WHITEHOUSE.

In an action against an individual doing business as a corporation, evidence **held** insufficient to show that plaintiff contracted with the individual rather than with the corporation.

Where one contracts wth an officer of a corporation in the office of the company and the contract is in the corporate name, he cannot be heard to say thereafter that he contracted with the officer individually.

In an action against an individual doing business as the "W. Company," where defendant claimed that plaintiff contracted with the "W. Company," the court instructed that there had been evidence of the organization of the "W. Company," and that defendant contended that the contract in question had been made with the corporation, and that, if he were correct in such theory, the suit should have been brought against the corporation, but that plaintiff contended that the transaction was with defendant, or "W. &

Co.," not incorporated. **Held**, that a contention that defendant was precluded from denying that there was no evidence to sustain a verdict against him because he did not except to the instruction was without merit.

Whiting, J., dissenting.

(Opinion filed, January 17, 1912.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by Louis Bauch against F. C. Whitehouse, doing business as F. C. Whitehouse & Co. Appeal by defendant from a judgment in favor of plaintiff. Reversed.

R. W. Parliman, for appellant. Joe Kirby, for respondent.

CORSON, J. This is an appeal by the defendant from a judgment entered in favor of the plaintiff, and from the order denying a new trial. The action was instituted by the plaintiff, as will be noticed, against Fred C. Whitehouse, doing business as F. C. Whitehouse & Co., and was instituted to recover from the defendant a balance of $320, with interest, which it was alleged was received by the said defendant on the sale of certain real estate which the defendant had failed to pay over to the plaintiff. The answer of the defendant was a general denial. The case was tried to a jury, which found a verdict in favor of the plaintiff and against the defendant. A motion for new trial was made by the defendant on the following grounds: "(1) Errors of law occurring at the trial, and excepted to by the defendant. (2) Insufficiency of the evidence to justify the verdict. (3) That the verdict and judgment are against the law." Among the specifications of the particulars in which the evidence was insufficient to justify the verdict appears the following: "There was no evidence introduced at the trial of said action * * * showing * * * that the plaintiff, Louis Bauch, had any claim * * * against Fred C. Whitehouse, individually, or Fred C. Whitehouse doing business as F. C. Whitehouse & Co."

[1] At the close of the plaintiff's evidence, the defendant moved the court to direct a verdict in favor of the defendant, which motion was denied by the court and exception taken. The denial of this motion is assigned as error, but, as the motion was

not renewed at the close of all the evidence, this court cannot consider the ruling of the court denying the motion on this appeal. It is disclosed by the record that in the spring of 1907 the plaintiff listed a certain one-half section of land in Minnehaha county for sale with, as claimed by the defendant, a corporation known as F. C. Whitehouse & Co., but as claimed by the plaintiff with Fred C. Whitehouse individually. No sale seems to have been made of the whole half section under this listing, but in the fall of that year the defendant found a purchaser for one of the quarters of the half section. This sale was completed and $1,000 received thereon and paid over to the plaintiff, leaving a balance of $1,233.25, of which sum the defendant company claimed $640 in payment of commissions. The defendant introduced in evidence a certified copy of the articles of incorporation of F. C. Whitehouse & Co. bearing date of the 25th day of April, 1906, and introduced evidence tending to prove that the corporation was doing business as such corporation at the time plaintiff listed the property for sale. And defendant F. C. Whitehouse testified fully as to the organization of the company and the issuance of stock, fully paid up, and that it continued to transact business as such corporation up to the time of the trial. The defendant also offered in evidence a contract dated the 1st day of June, 1907, between the plaintiff and F. C. Whitehouse & Co., the material parts of which are as follows: "Whereas, said Louis Bauch has heretofore entered into a contract with one H. C. Higgins for the sale to said H. C. Higgins * * * which sale was made through the agency of said Fred C. Whitehouse & Company, and said Fred C. Whitehouse & Company have in their possession the sum of twelve hundred thirty-three and 25-100 dollars ($1,233.25), heretofore paid to them by said H. C. Higgins on account of said sale, of which sum they, said Fred C. Whitehouse & Company, claim they are entitled to retain six hundred and forty dollars ($640.00) in payment of the commissions owing to them by said Louis Bauch for making said sale, * * * and the said Louis Bauch disputes the said claim of said Fred C. Whitehouse & Company to commissions to the amount of six hundred and forty dollars ($640.00) * * * paid to said Fred C. Whitehouse & Company

by said H. C. Higgins. It is now, therefore, hereby agreed that said Fred C. Whitehouse & Company shall pay to said Louis Bauch, upon the execution of this memorandum of agreement, the sum of five hundred ninety-three and 25-100 dollars, and the receipt of such sum is hereby acknowledged by said Louis Bauch." It was further agreed that the payment of said sum of $593.25 should be without prejudice to the claim of said plaintiff, and should not be construed as a waiver by him of his right to recover from F. C. Whitehouse & Co. the difference between the sum remaining after the payment of the sum of $593.25 and commissions to the amount to which they were lawfully entitled, besides interest as hereinbefore mentioned, and concludes: "Witness our hands the day and year first above written. Louis Bauch. F. C. Whitehouse & Co." It will be noticed that in this contract it is not stated that the transaction is with Fred C. Whitehouse individually, doing business as F. C. Whitehouse & Co., and the name of the corporation "F. C. Whitehouse & Co.," as designated in its articles of incorporation, is used throughout the entire agreement, and in no part of it is the term "Fred C. Whitehouse individually, doing business as F. C. Whitehouse & Co.," mentioned or referred to in the contract.

While it is true that in the agreement before quoted the term "F. C. Whitehouse & Co., a corporation," is not used, the plaintiff admitted on cross-examination as follows: "I remember going into the office of F. C. Whitehouse & Co., and I know that is the office of F. C. Whitehouse & Co. I remember of going there in May, 1907, and listing my land with them for sale." It clearly appears from the undisputed evidence that F. C. Whitehouse & Co. was a corporation duly organized under the laws of this state, and that Fred C. Whitehouse, the defendant, was the president of that corporation, and apparently the manager of its business. The defendant F. C. Whitehouse testified that: "When the corporation was organized, the stock consisted of books, book accounts, commissions, furniture, and safe and desk. Prior to the time the corporation of F. C. Whitehouse & Co. was organized, I had conducted a real estate and land business in this city. I had built

up a lucrative business in that line, and that business was taken over by the corporation. We have six pieces of real estate in and about Sioux Falls that belong to the company. It stands in mine and McDonald's name. In addition to the property mentioned as being in as assets of the corporation, we put other personal property and money into it. Mr. C. S. McDonald, when he came in, he paid for his stock."

It is true that it appears by the abstract that Fred C. Whitehouse, the defendant, when called as witness by the plaintiff testified: "I know H. C. Higgins, of Alta, Iowa, and on or about the 1st of March, 1908, I received a sum of money from him on account of Louis Bauch. It amounted to $1,253.15. Of that sum I have retained $640. He asked me for the balance of it, and I never paid over to him this $640." But, as we have seen, it is clearly shown by the contract from which we have quoted that the money was in fact received by F. C. Whitehouse & Co., and not by the defendant individually. And, again, it appears from the abstract that defendant on cross-examination by the plaintiff's attorney testified as follows: "I am doing business under the name of F. C. Whitehouse & Co. All the business at all times from the office was done in the name of F. C. Whitehouse & Co. * * *" But these statements when construed in connection with the fact that he was the president of the corporation, and apparently its managing officer, and in connection with the contract entered into with the said company by the plaintiff, are entirely consistent with the fact that he was transacting the business with the defendant as agent of the corporation, and not in his individual capacity. The statements, therefore, that "I received a sum of money from him (Higgins) on account of Louis Bauch," and "Of that sum I have retained $640," are evidently to be understood as received by him and retained by him as the president of the corporation and not by him individually. Again, the statement, "I am doing business under the name of F. C. Whitehouse & Co. All the business at all times from the office was done in the name of F. C. Whitehouse & Co.," when read in connection with the fact that F. C. Whitehouse & Co. was a corporation, was perfectly consist-

ent with the contention that all the transactions between himself and the plaintiff were with the defendant as officer of the corporation, and not in his individual capacity. These statements practically embrace all that is in the abstract showing, or tending to show, that the defendant was doing business as an individual, but in the name of F. C. Whitehouse & Co. Were it not for the fact that the defendant was president of a corporation by that name and the admission of the plaintiff in the contract which we have referred to that he was in effect doing business with that corporation, and plaintiff's admission that the office in which he listed his lands was the office of F. C. Whitehouse & Co., there would be some plausibility in the contention that the defendant was in fact doing business as an individual, but in the name of F. C. Whitehouse & Co.

It is also true the plaintiff testified: "My dealings were all with Whitehouse, Fred C. Whitehouse. The first I heard I was dealing with Fred C. Whitehouse & Co., a corporation, was today [the day of the trial.]" But he testified on cross-examination: "I remember going into the office of F. C. Whitehouse & Co., and I know that is the office of F. C. Whitehouse & Co. I remember of going there in May, 1907, and listing my land with them for sale"—thereby practically admitting that he knew he was not dealing with Whitehouse individually, and this view is practically conclusively established by his signature to the contract heretofore quoted.

[2] It is not usual for the president or managing officer of a corporation when entering into contracts with parties as such officer or managing agent in the office known to the party to be the office of the company to inform such person that he is dealing with, or that he is doing business in behalf of, the corporation. That he is acting as such officer for and in behalf of the corporation would naturally be understood by the party dealing with him, and especially would this be the case when a contract between him and the party in relation to the business is in the corporate name. A person so transacting business with the officer or agent and signing a contract presumably with full notice of its contents

cannot be heard to say that he was transacting the business with the officer or agent individually, and thereby hold the officer liable for the contracts of the corporation.

[3] It is, however, contended by the respondent that the defendant is precluded in this case from denying that there was no sufficient evidence to sustain the verdict of the jury by the charge of the court to which no exception was taken. This contention, in our opinion, is untenable. The charge of the court is as follows: "Gentlemen of the jury, * * * there is another question raised in this case, and that is whether or not the right party is sued. Evidence is introduced, including a certificate of incorporation issued prior to the time of this transaction to the company incorporated under the name of F. C. Whitehouse & Co., and some proof has been introduced in regard to the organization of that company and its operation. Mr. Whitehouse contends that this business in question and involved in this suit, including the receipt of the money, was by that corporation. If he is correct in that theory, then the plaintiff has brought suit against the wrong person, and should bring it against the corporation. In the trial the plaintiff contends that the transaction was not with that corporation, but with Whitehouse, or Whitehouse & Co., not incorporated; that Whitehouse was the only one known in the transaction. The burden of proof rests upon the plaintiff to make out his case by a preponderance of the testimony. That is, to show that the defendant Whitehouse received his money into his possession and control; that is, to show that the money received not by a corporation." This instruction by the court to the jury is clearly correct. It will be noticed that the court does not say in this instruction that there is any evidence tending to prove that the transaction in controversy was with the defendant doing business in the name of F. C. Whitehouse & Co., but uses the following language: "In the trial the plaintiff contends that the transaction was not with that corporation, but with Whitehouse, or Whitehouse & Co., not incorporated; that Whitehouse was the only one known in the transaction." There was nothing, therefore, in this instruction requiring an exception or that in any manner sustains

the plaintiff's contention that he was transacting his business with F. C. Whitehouse individually, or doing business with him in the name of F. C. Whitehouse & Co.

[3] We are of the opinion, therefore, that the evidence before the jury was entirely insufficient to sustain a verdict against F. C. Whitehouse individually. In taking this view of the case, a review of the other errors assigned as to the admission and rejection of evidence becomes unnecessary.

The judgment of the circuit court and order denying a new trial are, therefore reversed.

WHITING, J., dissenting.